### WILES AND OTHERS *v.* BAYLOR.

*Lands Valued on Sale in Chancery.*

Land sold under a decree in chancery for the balance of the purchase money due to the vendor must be valued, and sell for the proportion of valuation, as required in case of land sold upon execution.

THIS was a writ of error to the common pleas of Brown county. The case was as follows: Baylor, the defendant in error, sold a tract of land to the plaintiff in error, and retained the title in his own hands, until the purchase money should be paid. The purchasers failing to pay, he prosecuted a suit in equity to have the land sold for the purchase money due. The court decreed a sale, and that Baylor, the vendor, should convey the legal title to the purchaser under such sale. The decree did not require the land to be valued and sold for a proportion of its valuation; but directed a sale without regard to valuation. Upon this ground the writ of error was brought to reverse the decree.

512

BRUSH and FITZGERALD, for plaintiffs in error:

Insisted that in this state an appraisement or valuation is necessary in all cases of sale, to satisfy any judgment or decree.

The act regulating judgments and executions of the year 1820, section 15, requires an appraisement and valuation of the property, being real estate.

The fortieth section of the chancery law, in force at the time, declares that a decree shall have the force, operation, and *effect* of a judgment at law.

Where process of execution is issued upon a decree, the forty-second section directs the same proceedings as at law. See vol. 18, p. 240, secs. 40, 42.

The second section of the act, providing for the recovery of money secured by mortgage, directs that the mortgaged *prem- [510 ises shall be taken in execution and disposed of in the same manner and under the same regulations as for the satisfaction of judgments.

It is, and uniformly has been, the policy of this state to require appraisements and valuation of real estate, when the same is to be sold for the payment of debts, and that the same should not be sold for less than a certain proportion of the appraised value.

If execution be issued on any decree, to collect the money directed and ordered to be paid, the act expressly requires the same proceedings as at law, of course an appraisement and valuation. But it is contended that when the court decree a sale, they have a discretion to direct an appraisement, or to direct a sale, without appraisement, to the highest bidder. There can be no doubt but the court in such case *may* direct an appraisement in all cases, when they decree a sale of real estate. Will this court sanction the principle, that it *may* or may *not* be done at the discretion of the court? That decrees upon this subject may be different, under the same laws, and be agreeable to the same policy? One man may have his estate sacrificed, while another's must bring two-thirds of the appraised value? If this case is not expressly provided for in any act, then it is left to the judicial discretion of the chancellor; that discretion, when once exercised, becomes a rule; to be a good rule, it should be uniform, agreeable to the spirit and intention of the general laws upon the subject, and be guided by that general policy. All the laws upon the same subject will be taken together, the intention of the legislature ascer-

tained by comparing one with another, the general policy adopted and sanctioned, that it may be uniform; and if such case as this is not within the express words of any of the acts, yet if it is within the scope of a general policy, agreeable to it, and so within the equity of those remedial laws, it is believed the court will prefer that construction which harmonizes in one uniform rule; a rule which will thus be agreeable to the spirit, meaning, intention, and policy of the laws in all other like cases. When the legislature have declared the effect of decrees to be the same as a judgment at law, and that in the enforcement of them, by execution, the proceed- 511] ing shall be the same, there is no reason to doubt the *intention to produce a uniformity. If it is in the intention of the legislature and within the equity of the statute, it is as much within the law, as if in the express words. 6 Bac. Abr., title Statute, 382-385.

If such be the law, then the decree of the court of common pleas, directing a sale of real estate to the highest bidder, without directing an appraisement according to the law, is erroneous and must be reversed.

COLLINS, for defendant in error :

The principal error assigned is, "That the land was decreed to be sold without appraisement, for the best price that could be obtained, at public vendue."

The defendant in error contends that there is no error in the proceedings and decree upon the following grounds :

It is a principle too well settled to now admit of doubt, that in equity a vendor has a lien upon land sold, whether conveyed or not until the price of the land or consideration of the sale is paid ; and the giving of a note for the purchase money does not affect the vendor's lien; and if part of the purchase money be paid, the lien is good as to the residue, and the death of the vendee does not alter the claim. This equitable lien gives a vendor a *right* to resort to the estate sold to raise the money due as the price of it, on failure of the personal property of the vendee to make the money. The *remedy* to enforce this lien, and obtain this right, is only by an application to a court of chancery to decree a sale of the vendee's equitable interest in the land, to pay the consideration money (when the estate is not conveyed), and this sale, according to the usages and practice of courts of chancery, is-without ap-

praisement. In support of the doctrine or principles here laid down, I will call the attention of the court to the case of Garson *v.* Green and others, 1 Johns. Ch. 308, 309, and the cases there cited; Sugden on Vendors, 352, 354.

Inasmuch as courts of chancery have exclusive jurisdiction of cases like the one under consideration, equitable estates not being liable to be levied on and sold under execution at common law, the party who is compelled to resort to this court for his right, must unquestionably be permitted to have his remedy according to the well-settled *usages and practice of this court, unless [512 this remedy is subject to some restrictions or limitations by virtue of some statute which regulates the practice of the court or abridges the right of the party.

The provisions of the act regulating judgments and executions, and of the "act regulating the mode of proceeding in chancery," which relate to sales of land under execution by the sheriff of the county, under execution upon judgments at law, or decrees in chancery, can not, by any fair construction, be applied to decrees in chancery of this kind, to be carried into effect by a commissioner of the court's appointment, according to their own rules and practice; being a case not provided for by statute, but within the ordinary, peculiar, and exclusive jurisdiction of the court; and all those provisions for the sale of land relate to sales of legal titles. This case can not be assimilated to an ordinary decree of a court of chancery for the payment of money in a case of original jurisdiction, when, by express provision of the statute, the decree has the same "force, operation, and effect of a judgment at law from the time of the actual entry of the decree;" which decree, by express provision of the act, is enforced by *"fieri facias et levari facias,* against the goods, etc., of the defendant (*generally*), upon which writ the same proceedings shall be had as at law;" 18 Ohio Laws, p. 240, sec. 40, 42; because in the latter case there is an express direction by the statute as to the mode of enforcing the decree, and reference is had to the act regulating judgments and executions at law, and the lien of the complainant only commences at the time of entering judgments or decrees, and is only so far a lien on defendant's property as the judgment or decree has priority in date to other judgment creditors. But in the case before the court the lien is not created by the judgment or decree; it exists from the time of the contract, and it rests upon

Emerick v. Armstrong and others.

the particular property which was the subject of the contract. The decree gives the complainant no right; it only gives the party the aid of the process, and officers of the court to carry into execution a previous right to sell a particular piece of property to pay for itself; and if the case is not embraced within the statute by implication, the sale must be without appraisement, as that 513] principle is entirely a *creature of the statute not known at common law—not known or practiced by courts of chancery.

If, then, the decree in this case is, as I conceive it is, in strict conformity to the principles of equity, and the usages and practice of courts of equity, anterior to the passage of the statutes before cited, and the rights of the parties are not altered or their remedies changed by those acts, the decree is correct.

By the COURT:

The decree, in this case, directs the interest of both vendor and vendee to be sold, and the complete legal title to be perfected in the purchaser at such sale. The policy of requiring lands sold under execution for debt to be valued, pervades the legislation of the state, and has prevailed for many years. In directing a sale of real estate, especially where the legal title is to pass, a court of chancery is not at liberty to adopt a different policy. This court have determined that mortgaged premises sold under a decree in chancery to raise the money due on the mortgage, must be valued, and sell for a proportion of the valuation. The same reason applies to this case. The decree is erroneous, in not directing a valuation, and for that cause must be reversed.